[Department One. —April 20, 1883.]

## JOHN GARDNER, RESPONDENT, v. OMNIBUS RAILROAD COMPANY, APPELLANT.

PAYMENT—EVIDENCE.—The action was brought to recover a balance alleged to be due the plaintiff for services rendered by him for the defendant as its superintendent. During the employment, one O'Neil was defendant's secretary and charged with the duty of paying all employees. Every month plaintiff signed and delivered to O'Neil, a receipt for his salary, but left the money with O'Neil, to be drawn from time to time as he desired. *Held*, that the evidence shows that the plaintiff confided in O'Neil and left the money with him in his individual capacity, and that the defendant is not liable for the loss occasioned by reason of leaving the money in his hands.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*Lloyd & Wood*, for Appellant.

*Geo. W.* and *W. B. Tyler*, for Respondent.

Ross, J.— Plaintiff sued to recover of defendant corporation the sum of eight hundred and two dollars and twenty-one cents, with interest from the 1st day of September, 1876, being a balance alleged to be due the plaintiff, at the date mentioned, for services theretofore rendered by him for defendant as superintendent of its street railroad. Plaintiff was engaged as such superintendent, at a salary of two hundred dollars per month, for many years immediately preceding September 1, 1876. On that day his services terminated. During most of that time he was also one of the directors of the defendant. During the same time one O'Neil was its secretary. When these relations were first assumed the safe that was moved to the defendant's office, to be used as its safe, contained certain papers, jewelry, trinkets and money belonging to the plaintiff, which the latter permitted to remain there, in charge of O'Neil for safe keeping. The secretary was charged with the duty of paying the employees of the defendant, and was furnished with the necessary funds for that purpose, and every month during the plaintiff's term of service,' he signed and delivered to the secretary, in writing, a

receipt acknowledging the payment by defendant of the full amount of his salary for such month. Such receipts are at least *prima facie* evidence of the payment of the money.

But the plaintiff seeks to avoid the effect of the receipts by saying that as a matter of fact, when he gave the receipts he did not get the money, but left it with the secretary, to be drawn by him from time to time as he desired. That the plaintiff did leave the money in the hands of *O'Neil* is quite clear from the record, but that the defendant is not responsible for any loss occasioned thereby we think equally clear. Plaintiff evidently had confidence in O'Neil. According to his own testimony, he left his private papers, jewelry, trinkets, and money made in speculations with him for safe keeping. In the same way, we think, the evidence shows he left his salary. In his testimony, the plaintiff says: "I was a director when Mr. O'Neil was made secretary. He was the secretary and I was the superintendent. We lived in one office for sixteen years and never had a dispute. I signed the receipt for salary because the money was safe. I was superintendent of the company, and whenever I wanted to draw it I knew it was good. I had all that I had as valuables in the safe, and private papers. I had two bags of money, one of foreign and domestic coins that amounted to several hundred dollars, and lots of other things. I never drew my salary money out except that I drew it out on order. Mr. O'Neil kept it there in the safe, and everything else while I was with the Omnibus Railroad Company." And again: "At the time I first commenced doing business in this way with Mr. O'Neil, I told him, this is my old safe, you are carrying the key of it, and my things are all in there, and I am going to make this my bank and going to leave my money with him (O'Neil). I being superintendent and director, I thought it as good as a bank. I will leave it here in the safe all the time. I speculated and made money on the outside, and I carried it there for safe keeping, and Mr. O'Neil always had the keys of that safe. I think Mr. Jordan had the key if he was absent."

Whatever loss occurred to the plaintiff by reason of leaving his salary in O'Neil's hands, the plaintiff must stand. Both he and O'Neil were officers of the defendant. The company furnished the latter with funds with which to pay the wages of its

employees, and each month the plaintiff executed his receipt for his salary. So far as the company could see, it was paid in fact, and we think it was paid in contemplation of law as well as of the parties, the plaintiff, for reasons of his own, electing to leave the money in the hands of the individual O'Neil.

Judgment and order reversed and cause remanded.

McKEE, J., and McKINSTRY, J., concurred.

Hearing in Bank denied.